**In re Gilbert E. THIEL, Debtor.**

**Conrad Thiel, Plaintiff,**

**v.**

**Gilbert E. Thiel, et ux., Defendants.**

**Bankruptcy No. 00–10370–8C3.**
**Adversary No. 01–0138.**

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Nov. 27, 2001.

Shirley C. Arcuri, Tampa, FL, for Plaintiff.

Joel S. Treuhaft, Venice, FL, for Defendants.

Terry Smith, Bradenton, FL, trustee.

*SUPPLEMENTAL ORDER ON*
*PLAINTIFF'S MOTION FOR*
*SUMMARY JUDGMENT*

C. TIMOTHY CORCORAN, III,
Bankruptcy Judge.

This adversary proceeding came on for consideration of the court's own motion to supplement the order granting plaintiff's motion for summary judgment and granting implementation relief entered on November 26, 2001 (Document No. 18).

At the close of the July 10, 2001, hearing of the plaintiff's motion for summary judgment, the court requested the parties to

file post-hearing briefs. The parties agreed and the court ordered September 4, 2001, as the date for filing these briefs. The plaintiff timely filed his brief on September 4, 2001 (Document No. 116). The defendants did not timely file a brief. Accordingly, the court considered and determined the motion for summary judgment on the authorities presented to the court and entered an order granting the motion for summary judgment and a judgment on Monday, November 26, 2001 (Document Nos. 18 and 19).

On the previous Friday, the Friday after Thanksgiving, November 23, 2001—a day in which the court was open but largely unmanned—the defendants filed a brief in opposition to the plaintiff's motion for summary judgment (Document No. 17). That brief was entered on the docket on Monday, November 26, 2001. As a consequence, the court was unaware of the filing of the late filed brief when it entered the order granting the plaintiff's motion for summary judgment.

The court has now had an opportunity to review the defendants' brief and concludes that nothing in the brief requires the court to reconsider or redetermine any of the conclusions reached in its order granting plaintiff's motion for summary judgment (Document No. 18).

■ In the brief, the defendants make two arguments in favor of their position. First, they argue that the debtor/defendant's actions do not fall within the ambit of conduct that requires the imposition of an equitable lien because the Montana state court did not assess punitive damages against the debtor/defendant. (Document No. 17, ¶¶ 5, 6). The defendants contend, therefore, that the plaintiff has failed to establish an "egregious act" within the meaning of *Havoco of America, Ltd. v. Hill,* 790 So.2d 1018, 1028 (Fla.2001).

■ In *Hill,* the court made clear that a fraudulent act is sufficient to impose an equitable lien provided the tracing element is also met. *Id.* ["When an equitable lien is sought against homestead real property, *some fraudulent or otherwise egregious act* by the beneficiary of the homestead protection must be proven."] (Emphasis added). In this case, the court specifically found that the plaintiff had established, pursuant to the doctrine of *collateral estoppel,* the debtor/defendant's actual fraud and conversion (Document No. 18, Section II, Page 11). The defendants themselves concede the fraud and conversion in their reply brief (Document No. 17, ¶ 4). Accordingly, this argument is without merit.

Second, the defendants argue that the wife/defendant, Bobbie Thiel, cannot be held liable for the debtor/defendant's wrongful conduct (Document No. 17, ¶¶ 16–19). They contend that *Palm Beach Savings & Loan Association v. Fishbein,* 619 So.2d 267, 270 (Fla.1993), is inapplicable. They urge the court to reach a contrary result. The court carefully considered the authorities on this issue and determined that the principles advanced in *Fishbein* were applicable to this case. Accordingly, this argument is also without merit.

The court regrets that it did not have the defendants' brief when it decided the issues and entered the November 26 order. Having now had the opportunity to review the brief, however, the court concludes that it is required to take no further action.